### Combs v. Combs.

November 28, 1950.

Sam M. Ward, Judge.

Don A. Ward for appellant.

Napier & Napier, C. W. Napier, and C. W. Napier, Jr., for appellee.

JUDGE CAMMACK—Affirming.

John A. Combs and Rudell Gilley Combs were married in October, 1946. Mrs. Combs had a 14 months old son at the time the parties were married. In his petition for divorce Combs stated that the couple had no children. In her answer and counterclaim Mrs. Combs asked for a divorce and stated that John A. Combs was the father of the child. She sought custody of the child and an allowance for support of herself and the child. The chancellor granted Mrs. Combs a divorce and awarded custody of the child to the parents of Mrs. Combs. The husband was directed to pay $30 per month for the child's support.

Combs is contending vigorously on this appeal that he is not the father of the child, and therefore, he should not be required to support it.

It is provided in Subsection 3 of KRS 391.090 that, if a man who has had a child by a woman afterward marries her, the child or its descendants, if recognized by the man before or after the marriage, shall be deemed legitimate.

Mrs. Combs testified positively that Combs was the father of the child, which was born September 15, 1945. She said that he was in Perry County and had intercourse with her sometime during the months of November and December, 1944. There was testimony in addition to that of Mrs. Combs that Combs had recognized the child as his own. Mrs. Combs said also that she had not had intimate relations with any man other than Combs. On the other hand, Combs testified that he was not in Perry County during the months of November or December, 1944, but was there during January, 1945. He said that he had had intercourse with Mrs. Combs prior to 1944, and also that he had had intercourse with her on January 18, 1945. There is much proof as to the loose morals of both parties. However, the recitation of that evidence would serve no useful

purpose here. We have examined the record carefully and have reached the conclusion that the judgment of the chancellor should not be disturbed. Certainly there is sufficient evidence to support his refusal to bastardize the infant child.

Judgment affirmed.